■ In the Matter of HELEN MASTRANGELO, Appellant, v BOARD OF EDUCATION OF THE MAMARONECK UNION FREE SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Mamaroneck Union Free School District which terminated petitioner's employment as a secretary-stenographer and reassigned her as a senior stenographer, petitioner appeals from a judgment of the Supreme Court, Westchester County (Dickinson, J.), dated May 15, 1984, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

The instant proceeding arose out of respondent's termination of petitioner's employment from the position of secretary-stenographer and her reassignment to the position of senior stenographer on April 11, 1983.

There is no question that petitioner's initial appointment to the position of secretary-stenographer, effective July 1, 1982, was a provisional one, since the prior eligible lists for this position, including eligible open competitive list No. 64-321 which contained petitioner's name, had expired as of April 1, 1982. The thrust of petitioner's argument at Special Term, and again on the instant appeal, is that (1) open competitive list No. 64-321 was reactivated on July 8, 1982; (2) as a result, she became a permanent employee two months later, i.e., on September 8, 1982, pursuant to Civil Service Law § 65 (3), (4); (3) her 12-week probationary period as a permanent employee pursuant to Westchester County Civil Service Rules, rule 11.9 therefore expired on December 1, 1982; (4) the respondent's attempt on December 6, 1982 to further extend petitioner's probationary term for an additional 14-week period was therefore untimely, and in any event improper; and (5) as a permanent employee, she could not be terminated for incompetency without formal charges and a hearing.

Petitioner's argument rests upon the premise that open competitive list No. 64-321 was reactivated as of July 8, 1982. In support of that premise, petitioner relies primarily on an

interoffice memorandum of the Westchester County Personnel Office dated July 8, 1982. However, an examination of this memorandum from the assistant director of employee selection and development to the assistant personnel officer indicates that it merely sought to solicit the views of the latter regarding possible reactivation of the list at some future date.

Accordingly, petitioner failed to establish that open competitive list No. 64-321 was reactivated on July 8, 1982. Indeed, it appears from the record that this list was reactivated on September 20, 1982. It was on that date that the respondent received from the Westchester County Personnel Office a document of that same date which certified to the respondent that it was a list of eligibles for the position of secretary-stenographer. The certification referred to eligible list No. 64-321, which had been initially established October 1, 1980, and stated that there were only two names on the list, one of which was that of petitioner. Petitioner's permanent appointment as a secretary-stenographer, effective October 1, 1982, was approved by the respondent at its meeting of October 12, 1982, and petitioner was advised of her permanent appointment from eligible list No. 64-321, effective October 1, 1982, by letter dated October 27, 1982. The letter also stated that the appointment was subject to a 12-week probationary period, ending December 24, 1982, "unless [petitioner was] notified in writing of extension of such period". Since petitioner was appointed from an open competitive list, the respondent was allowed to extend her probationary term an additional 14 weeks (see, Westchester County Civ Serv Rules, rule 11.1 [a.1]), and respondent did in fact validly do so, by letter dated December 6, 1982. Although the respondent's letter extended the probationary term to April 1, 1983, the record indicates that petitioner was on sick leave from November 8, 1982 until January 25, 1983 and her probationary period was thereby properly extended to June 17, 1983 (see, Westchester County Civ Serv Rules, rule 11.2), pursuant to respondent's letter dated March 23, 1983. Since respondent's termination of petitioner's employment as a secretary-stenographer on April 11, 1983 was done within her probationary period, it was not illegal, arbitrary, and capricious as alleged by petitioner. Accordingly, the judgment appealed from, which dismissed the proceeding on the merits, must be affirmed. Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.